(No. 79-CV-0071—)

*In re* APPLICATION OF LINDA B. COTTON.

*Order filed April 7, 1980.*

GEORGE MARCHETTI, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOU-DREAU, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on November 4, 1978. Linda B. Cotton, wife of the deceased victim, John A. Cotton, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on November 4, 1978, the victim was struck across the chest with a metal pipe by Mr. William Burnett. The incident occurred when the victim brought his son to Mr. Burnett's property at 720 Yates, Romeoville, Illinois, to fight Mr. Burnett's son over an earlier altercation. Mr. Burnett came out of his house to aid his son, and ordered the victim and his family off his property. An altercation then began between the victim and Mr. Burnett. The victim picked up a rake and began poking Mr. Burnett. Mr. Burnett was handed a metal pipe by his son and swung it at the victim, hitting him

across the chest. The victim was dead on arrival at Silver Cross Hospital. Cause of death was attributed to acute cardiorespiratory failure. An inquest ruled that the death was accidental. No criminal charges were placed against Mr. Burnett as the case was classified self-defense.

2. That section 3(f) of the Act states that a person is entitled to compensation under the Act if the injury to or the death of the victim was not substantially attributable to the victim's wrongful act or substantial provocation of the assailant.

3. That it appears from the investigatory report and the police report that the victim's death was substantially attributable to the victim's refusal to leave Mr. Burnett's property and his subsequent attack on Mr. Burnett with a rake.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is, hereby denied.